# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

November 3, 2022

Lyle W. Cayce
Clerk

No. 22-50509

Delarick Evans,

*Plaintiff—Appellant*,

*versus*

Internal Revenue Service,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:22-CV-329

Before Elrod, Graves, and Ho, *Circuit Judges*.

Per Curiam:[*]

Delarick William Evans, a detainee at the Bexar County Adult Detention Center (SID # 1151333), has filed a motion for leave to proceed in forma pauperis (IFP) on appeal from the district court's dismissal of his 28 U.S.C. § 1361 petition for writ of mandamus.

---

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 22-50509

Evans's assertion that he is entitled to proceed IFP on appeal because the district court denied his IFP motion without stating reasons that his appeal was not taken in good faith is belied by the record. Further, by moving in this court to proceed IFP, Evans is challenging the district court's certification that the appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). Evans, however, has not addressed the district court's finding that Evans's petition for writ of mandamus failed to state a claim upon which relief may be granted, and he has therefore abandoned any such challenge. *See Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

In light of the foregoing, Evans has failed to show that "the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citations omitted). Accordingly, the IFP motion is DENIED, and the appeal is DISMISSED as frivolous. *See id.*; 5TH CIR. R. 42.2.

Both the district court's dismissal of this mandamus petition and the dismissal of this appeal as frivolous count as strikes for purposes of 28 U.S.C. § 1915(g). *See* § 1915(g); *Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996), *abrogated in part on other grounds by Coleman v. Tollefson*, 575 U.S. 532, 537 (2015). We previously assigned two strikes in *Evans v. NetSpend Corp.*, No. 22-50310, 2022 WL 4461387, 1 (5th Cir. Sept. 26, 2022) (unpublished). Because Evans now has at least three strikes, he is BARRED from proceeding IFP in any civil action or appeal filed in a court of the United States while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g). He is WARNED that any pending or future frivolous or repetitive filings in this court or any court subject to this court's jurisdiction may subject him to additional sanctions, and he is directed to review all pending matters and move to dismiss any that are frivolous, repetitive, or otherwise abusive.